IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Libertarian Party of Illinois, *et al.*, | |
| Plaintiffs, | Case No.: 22-cv-0578 |
| v. | Judge Robert W. Gettleman |
| Karen A. Yarbrough, *et al.*, | |
| Defendants. | |
| And | |
| Illinois Green Party, *et al.*, | |
| Proposed Intervenors. | |

**DEFENDANT COOK COUNTY CLERK'S RESPONSE IN
<u>OPPOSITION TO EMERGENCY MOTION TO INTERVENE</u>**

Defendant Karen A. Yarbrough, Cook County Clerk, in her official capacity ("the County Clerk"), by and through her counsel, Kimberly M. Foxx, State's Attorney of Cook County, through her assistant, Jessica M. Scheller, Silvia Mercado Masters, and Leilani Ana-Maria Pino, hereby submits this response in opposition to the Emergency Motion to Intervene ("Motion"), stating:

**INTRODUCTION**

Proposed Intervenors are not entitled to intervene in this action neither as of right nor permissively where their motion is untimely, and their purported interest is not supported by intervention.

**BACKGROUND**

Plaintiffs Libertarian Party of Illinois, *et al*., filed their Complaint on February 1, 2022 (ECF No. 1) and their Emergency Motion for Preliminary Injunction and/or Temporary

Restraining Order on February 4, 2022. (ECF No. 4, withdrawn and re-filed as Nos. 11 and 12). The Motion for Preliminary Injunction was set for hearing to February 9, 2022. (ECF No. 13). The County Clerk filed her appearance on February 9, 2022, and attended the hearing, requesting seven (7) days to respond to the Motion for Preliminary Injunction. Plaintiffs asked for an expedited briefing schedule, and the hearing was set for February 23, 2022. (ECF No. 17).

After 4:00pm on February 22, 2022, Intervenors filed their Emergency Motion to Intervene pursuant to Federal Rules of Civil Procedure Rule 24. (ECF No. 23) set for presentment on February 23, 2022. Intervenors' Emergency Motion failed to state the grounds for intervention or attach a pleading setting out the claim or defense for which intervention is sought, as required by Rule 24. FRCP 24(c). At the February 23, 2022 hearing, Intervenors were directed to file a responsive pleading and the County Clerk was given time to file her response to the Motion to Intervene. (ECF No. 24). Intervenors filed an Intervening Complaint for Emergency Declaratory and Injunctive Relief ("Intervening Complaint") (ECF No. 26). Intervenors also filed a Memorandum of Law in Support of their Intervening Complaint. (ECF No. 27).

Intervenors allege the Green Party is an established party under the Illinois Election Code ("Election Code") by virtue of its candidates polling more than 5% in the 2020 General Election in the race for commissioners of the Metropolitan Water Reclamation District of Greater Chicago ("MWRDGC"). (ECF No. 26, ¶ 16). Intervenors claim that the Green Party is now an established party within the geographical boundaries of the MWRDGC, pursuant to 10 ILCS 5/10-2. (*Id.* at ¶ 17). According to Intervenors, the Green Party is an established party as to all thirty (30) townships in Cook County, not only the six (6) townships the County Clerk published in her General Information form. (ECF No. 26, ¶ 18, and attached Affidavit). According to the Affidavit of Intervenor Rita Maniotis, attached to the Intervening Complaint, the County Clerk's Office

determined that the Green Party is established only as to the six (6) townships in which it polled higher than 5% at the 2018 election where township committeepersons were elected. (ECF No. 26, Affidavit). Intervenors claim under Article 7 of the Election Code, the Green Party is entitled to participate in the Primary Election and nominate candidates for all County townships.

## ARGUMENT

**I. The Emergency Motion to Intervene is Untimely.**

Rule 24 of the Federal Rules of Civil Procedure permits intervention, on a timely motion, either "as of right" or by permission of the court. Fed. R. Civ. P. 24. Four factors govern whether an intervention motion is timely: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; (4) any other unusual circumstances. *See Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000).

Determining how long a delay is too long is case specific and depends on the circumstances. *See Cook Cty. v. Mayorkas*, No. 19 C 6334, 2021 U.S. Dist. LEXIS 154151, *35 (N.D. Ill. August 17, 2021) *citing Reich v. ABC/York-Estes Corp*., 64 F.3d 316, 321 (7th Cir. 1995) (Noting that "intervention cases are highly fact specific and tend to resist comparison to prior cases."). Here, while Intervenors filed their Motion to Intervene three weeks after the Complaint was filed, Plaintiffs' Motion for Preliminary Injunction was already fully briefed. Moreover, the Motion to Intervene was filed on the eve of the Preliminary Injunction hearing. Intervenors should have known of their interest in this case almost immediately upon Plaintiffs' filing of their Complaint or at least the filing of their Motion for Preliminary Injunction on February 4, 2022. Intervenors had ample time to file their Motion to Intervene in the weeks prior to the hearing on February 23, 2022 and certainly nothing occurred in those weeks which altered their purported

interest in any way. The Green Party claims it is an established party with respect to all "downballot" races and alleges that the General Information issued by the County Clerk does not accurately reflect its status. The General Information is hardly new, as it is attached to Plaintiffs' Complaint. (ECF No. 1, Ex. B). Additionally, by her own admission, Intervenor Maniotis spoke with County Clerk counsel James Nally on February 7, 2022, therefore the Intervenors knew the Clerk's position regarding the Green Party's established status. (ECF No. 26, Affidavit). Intervenors knew, or should have known, of their alleged interest in the case yet waited to file their Motion to Intervene.

The County Clerk is prejudiced by the Intervenors' delay in filing. Intervenors clearly sought their Motion to Intervene heard on the hearing date of February 23, which had been set two weeks prior, but plainly hoped to gain an advantage on the County Clerk by filing their motion late in the afternoon on the eve of hearing. Moreover, Intervenors ignored the requirements of Rule 24(c) and failed to attach a proposed complaint or identify under which section of Rule 24 they were moving, leaving the County Clerk ill-equipped to respond to their Motion at the hearing. Finally, the County Clerk expended considerable time and resources responding to the Plaintiffs' Motion for Preliminary Injunction within seven days and preparing for a hearing, which it will have to do again if Intervenors' motion is granted.

Conversely, Intervenors will not be prejudiced should their Motion to Intervene be denied. The filing date for nomination papers began March 7, 2022, thus making Intervenors' claims untimely. Additionally, Intervenors delayed taking any action until February 22, 2022, thus taking action was clearly not a priority for the Green Party. Significantly, Intervenors are not being denied ballot access instead candidates may file their petitions to be placed on the General Election ballot.

There are no unusual circumstances here which would justify the Intervenors' tardiness in

filing their Motion to Intervene, and Intervenors offer none in their Motion. Under the circumstances of this case, Intervenors waited too long to file their Motion to Intervene, and the County Clerk will suffer considerable prejudice should this Motion be granted. Therefore, the Motion to Intervene should be dismissed.

**II. In the Alternative, the Intervenors Have No Right to Intervene.**

Even assuming the Intervenors' Motion to Intervene is timely, they are not entitled to intervene as of right. Rule 24(a)(1) requires a court to grant intervention to any party given an unconditional right to intervene by a federal statute. Contrary to the Intervenors' allegation in their Complaint, 42 U.S.C. §1983 and §1988(b) and 28 U.S.C. §2201 do not provide them an unconditional right to intervene. *See United States v. Metro. Water Reclamation Dist. of Greater Chi*., No. 11 C 8859, 2012 U.S. Dist. LEXIS 111223, *11-12 (N.D. Ill. August 7, 2012) (The Clean Water Act explicitly allows citizens to intervene as a matter of right in certain actions.). In the alternative, Rule 24(a)(2) requires intervention as of right if it meets these four elements: (1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action. *Planned Parenthood of Wis., Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019). Addressing the second element, the Green Party does not have an interest in whether the Libertarian Party and its candidates are established parties for races within the geographical boundaries of Cook County. The status of established party under the Election Code is particular to a political party based on their polling in a previous election, therefore, the status of the Libertarian Party does not involve or effect the Green Party and its candidates. Further, the established party status of the Green Party would not be potentially impaired by any ruling in this action with respect to the Libertarian Party. As to the issue of

adequate representation, Intervenors are not in need of any representation as their interests are not involved or at risk in this litigation. Since Intervenors cannot meet any of the required elements for intervention as of right, their motion should be denied. *Id. citing Vollmer v. Publishers Clearing House*, 248 F.3d 698, 705 (7th Cir. 2001) (All four elements must be proven; the lack of even one requires that the court deny the motion.).

**III. This Court Should Not Permit Intervention.**

Under Rule 24(b)(1)(B), a district court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). Here, the Intervenors' claims do not share common questions of law or fact with the Libertarian Party's claims. The Libertarian Party achieved established party status for Countywide offices based on its polling above 5% in the 2020 General Election for Cook County State's Attorney. (ECF No. 1, ¶33). Conversely, the Green Party achieved established party status solely for the MWRDGC based on the results of the 2020 General Election therefore it may take part in the 2022 Primary Election for the office of Commissioner of the MWRDGC. (ECF No. 16 and Affidavit).

> Article 10-2, relied upon by Intervenors, provides:
>
> A political party which, at the last election in any congressional district, legislative district, county, township, municipality or other political subdivision or district in the State, polled more than 5% of the entire vote cast within such territorial area or political subdivision, as the case may be, has voted as a unit for the election of officers to serve the respective territorial area of such district or political subdivision, is hereby declared to be an "established political party" within the meaning of this Article **as to such district or political subdivision**.

10 ILCS 5/10-2 (emphasis added). Based on this provision, the Green Party achieved Established Party status as to the political subdivision of the MWRDGC. Intervenors mistakenly believe that the Green Party is established as to all of Cook County, but this position is baseless. The

6

MWRDGC is a special district that encompasses 882.1 square miles and includes the City of Chicago and various suburban communities in Cook County. https://mwrd.org/about. However, the MWRDGC is not contiguous with Cook County and does not share the boundaries of Cook County. *See* Declaration of James Nally, ¶ 2, Exhibit 1. Indeed, there are sixty-three (63) precincts within suburban Cook County which lay outside of the boundaries of the MWRDGC. *See Id.*, ¶ 3, Exhibit 2.

Intervenors claim the Green Party is entitled to nominate candidates for Cook County offices and township committeepersons under Article 7. (ECF No. 26, ¶ 12). However, Article 7-2 does not entitle a political party who is established for purposes of a political subdivision to nominate candidates for countywide offices or townships. 10 ILCS 5/7-2. Instead, Article 7-2 provides:

> A political party, which at the municipal election in any other municipality or political subdivision, (except townships and school districts), for municipal or other officers therein then next preceding a primary, cast more than 5 per cent of the entire vote cast in such municipality or political subdivision, is hereby declared to be a political party within the meaning of this Article, within said municipality or political subdivision, and shall nominate all municipal or other officers therein under the provisions hereof to the extent and in the cases provided in Section 7-1.

*Id.* Article 7-2 clearly states that a party is only established for the political subdivision, and not countywide.

The Libertarian Party has successfully argued in this case that a party who cast more than 5% of the entire vote cast in a county for county officers may nominate county officers and township committeepersons, but that argument does not extend to the MWRDGC. A "county office" or "county officer," is defined in Article 7 to include an office to be filled or an officer to be voted for, by the qualified electors **of the entire county**. 10 ILC 5/7-4(6) (emphasis added). Here, the Commissioners of the MWRDGC cannot be considered "county officers" because they

were not voted for by the entire county, but only by the electors residing within the boundaries of the MWRDGC. *See* Exhibit A, ¶ 4. The MWRDGC does not encompass all of Cook County therefore its Commissioners cannot be considered a countywide position. Thus, the provision of Article 7-2 relied upon by the Libertarian Party is not controlling as to the Intervenors' claims distinguishing them from those of Plaintiffs.

Further distinguishing the Intervenors' claims to those of Plaintiffs is the equitable estoppel claim raised only in the Memorandum of Law filed in support of their Intervening Complaint. (ECF No. 27, ¶ 4). Setting aside the propriety of filing a Memorandum of Law in support of a Complaint, the Plaintiffs in this action raise no similar equitable estoppel claim establishing that the Intervenors' and Plaintiffs' claims do not share common questions of law or fact. Moreover, in determining whether permissive intervention is warranted, a court must consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties. *See Heartwood, Inc. v. United States Forest Serv.*, 316 F.3d 694, 701 (7th Cir. 2003). Here, the addition of new claims which are not raised by Plaintiffs would expand the scope of the case and delay the proceedings. Because of the marked differences in the Plaintiffs and Intervenors' claims, permissive intervention is not appropriate here and Intervenors' Motion for Intervention should be denied.

## CONCLUSION

WHEREFORE Respondent Karen A. Yarbrough, Cook County Clerk, in her official capacity, respectfully requests that this Court deny Intervenors' Emergency Motion for Intervention.

March 9, 2022

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

/s/ *Silvia Mercado Masters*
Silvia Mercado Masters
Leilani Ana-Maria Pino
Jessica M. Scheller
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-7795
silvia.mercadomasters@cookcountyil.gov
leilani.pino@cookcountyil.gov
jessica.scheller@cookcountyil.gov

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on March 9, 2022, she caused to be filed through the Court's CM/ECF system the foregoing document, a copy of which will be electronically mailed to the parties of record.

s/ Silvia Mercado Masters