IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIBERTARIAN PARTY OF ILLINOIS, STEVE SUESS, JUSTIN TUCKER, ADAM BALLING, STEVE DUTNER, JAMES HUMAY, JASON ROSS DECKER, BRANDON SIZELOVE, DANIEL E. VAN GINDER, DAVID JOSEPHS, And LINDA CERVA, ) ) ) ) ) ) ) | |
| Plaintiffs, ) | Case No.  22 C 0578 |
| v. ) ) | |
| ) | Judge Robert W. Gettleman |
| KAREN YARBROUGH, in her capacity as the Cook County Clerk, ) ) ) | |
| Defendant. ) | |

## ORDER

Plaintiffs Libertarian Party of Illinois and certain of its members have sued Karen Yarbrough in her capacity as the Cook County Clerk, alleging, among other things, that defendant has refused to treat the Libertarian Party as an established political party in Cook County for the upcoming primary election on June 28, 2022. Plaintiffs moved for a preliminary injunction on February 7, 2022. That motion was fully briefed on February 18, and oral argument was set for February 23, 2022. Late in the day on February 22, one day before the argument, the Illinois Green Party and certain of its members (the "Greens") filed an "emergency" motion to intervene in the case. At the February 23 hearing the court noted that the Greens' motion failed to comply with Fed. R. Civ. P. 24 (c), ordered them to file a proposed intervening complaint by February 25, and set a briefing schedule on the motion with the last brief due on March 14, 2022. The court ordered further briefing on the Libertarian Party's motion for preliminary injunction and granted

the motion on March 4, 2022. The Greens' motion is now fully briefed and, for the reasons described below, is denied.

Fed. R. Civ. P. 24 governs intervention. Subsection (a), which governs intervention as a matter of right, provides that "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject matter of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Subsection (b)(1) governs permissive intervention in general and provides in relevant part that "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by federal statute: or (B) has a claim or defense that shares with the main action a common question of law or fact." Subsection (b)(3) provides that "In exercising its discretion, the court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights."

It is unclear from the Greens' motion whether they seek to intervene as of right or permissive intervention. The proposed complaint suggests that they are entitled to intervene under either theory. The court disagrees. First, to prevail under either theory, the Greens must establish that the motion is timely. Defendant correctly argues that it is not. "The test for timeliness is essentially one of reasonableness: potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly." Reich v. ABC/York-Estes Corp., 64 F.3d 316, 321 (7th Cir. 1995) (internal quotations

omitted). In making the determination the court must consider the prejudice to the original parties if intervention is granted and the prejudice to the intervenor if the motion is denied. Id.

In the instant case, the Greens filed their motion to intervene three weeks after the original complaint was filed and waited until the motion for preliminary injunction was fully briefed. The Greens also seek a preliminary injunction, which would prejudice defendant by requiring her to defend a second such motion on short notice. The Greens will not be prejudiced by denial of their motion because they will simply be required to file their own lawsuit if they wish to proceed.

Moreover, even if timely, the motion is without merit. To intervene as of right under Fed. R. Civ. P. 24 (a), the Greens must either identify a federal statute that gives then an unconditional right to intervene or claim an interest relating to the property or transaction that is the subject matter of the action. They have done neither. There is no federal statute that gives them the right to intervene, and they have no interest as to whether the Libertarian Party is declared an established political party for all of Cook County. Nor are the Greens so situated that disposing of the Libertarians' claims may as a practical matter impair or impede their ability to protect their interests. The Greens' claim is that they are an established political party for electing commissioners and township committee persons for the Metropolitan Water Reclamation District ("MWRD"), because three of their candidates in the 2020 general election received over 5% of the vote for the office of commissioner. But, as defendant correctly argues, the status of an established party under the Election Code is particular to that party, based on its polling for a particular office within a particular county, district, township or municipality. See 10 ILCS 5/10-2. Thus, whether the Libertarian Party has achieved established party status county wide for all elections in Cook County has no bearing on the Greens' claim of established party status for the

3

MWRD. Consequently, the court concludes that the Greens are not entitled to intervene as a matter of right.

For permissive intervention, the Greens must identify a federal statute that gives them a conditional right to intervene or identify a claim or defense that shares a common question of law or fact with the main action. Again, they have done neither. As noted above, the Greens' claim is not common to that of the Libertarians. Much of the Libertarian Party's claim is based on the section of the Illinois Election Code that defines "county officer" to include the commissioners of the Cook County board. See 10 ILCS 5/7-4. And Article 5/7-2 provides that an established political party within a particular county "shall elect precinct, township, and ward committeepersons . . .." Those sections of the Election Code were the primary bases on which the court granted the preliminary injunction. But the paragraph in Article 5/7-2 governing established political party status for political subdivisions such as MWRD contains different language and says nothing about electing committeepersons. Thus, the Greens' claim does not share a common question of law or fact with the Libertarians' claim of established political party status for Cook County. The Greens' claim that they are an established political party for the MWRD is based on separate facts and law.

For these reasons, the Greens' motion to intervene [23] is denied. The hearing previously set for March 16, 2022, is stricken.

**ENTER:**

Robert W. Gettleman
**United States District Judge**

**DATE: March 14, 2022**